UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                CASE NO. 3:22-cr-23-BJD-MCR

AARON ZAHN and
RYAN WANNEMACHER,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Pre-*Kastigar* Hearing Brief Regarding Requested Hearing Procedures (Doc. 183); Defendant Ryan Wannemacher's Pre-*Kastigar* Hearing Brief Regarding Diamond-Salem Hearing Issues (Doc. 185); WJAX-TV's Motion to Intervene Regarding Access to Judicial Proceedings (Doc. 194), Graham Media Group, Florida, Inc.'s Notice of Joinder (Doc. 199), and First Coast News and The Florida Times-Union's Motion to Intervene and to Oppose Closure of Court Proceedings from the Public (Doc. 202) (collectively, "Media Motions to Intervene"); Defendant Aaron Zahn's Response to Media Motions to Intervene ("Zahn's Response") (Doc. 203), and Defendant Ryan Wannemacher's Response to Media Motions to Intervene ("Wannemacher's Response") (Doc. 204).

A *Kastigar* hearing is scheduled to take place before the undersigned

starting on May 15, 2023 at 9:30 a.m.   (*See* Doc. 198.)   Two sets of statements are allegedly at issue during the *Kastigar* hearing: (1) the sworn statements taken from Mr. Wannemacher and Mr. Zahn by attorneys from the City of Jacksonville's Office of General Counsel and an investigator from the City's Office of Inspector General in January of 2020 (the "*Garrity* statements"); and (2) Mr. Wannemacher's responses to questions posed to him at the December 16, 2019 hearing set by the City of Jacksonville Councilmembers Rory Diamond and Ron Salem (the "Diamond-Salem hearing").[1]   (Doc. 183 at 2 n.2.)

On July 27, 2022, before Defendants' Motions for a *Kastigar* hearing were filed (Docs. 114 & 115), the Court entered an Order establishing certain procedures with respect to Defendants' *Garrity* statements.   (Doc. 69.)   The Order stated:

    a. All documents containing *Garrity* materials shall be filed under seal, and redacted versions of those documents filed in the public record.
    b. Redacted versions of documents containing *Garrity* materials, other than the *Garrity* statements, will be filed on the public record.
    c. Sealed, unredacted versions of documents containing *Garrity* materials shall not be served on or otherwise provided to the prosecution team unless ordered by this Court.   The Court reserves ruling on whether the Government should institute a screening mechanism to review any provided *Garrity*

---

[1] This Order does not determine whether Mr. Wannemacher's responses to questions at the Diamond-Salem hearing are *Garrity*-protected.   The Court will decide this issue separately.

materials.

d. The Court reserves ruling on whether and how the Government may participate at any hearings or portions of hearings in which *Garrity*-protected testimony is published.

(*Id.* at 3-4.)

Upon consideration of the pertinent filings in this case and applicable rules and law, it is hereby **ORDERED**:

1. The Media Motions to Intervene (**Docs. 194, 199, 202**) are **DENIED** as stated herein.[2]

---

[2] The Media Motions to Intervene incorrectly state that Defendants requested "a complete ban on the public and media," when Defendants actually requested a partially restricted access to the *Kastigar* proceedings by the public and the prosecution team. These Motions also incorrectly state that an evidentiary hearing is required to determine the issue of partial closure of the *Kastigar* proceedings.

Contrary to the Media's position, good cause exists for the closure of portions of the *Kastigar* hearing where the contents of Defendants' compelled statements or evidence derived therefrom may be discussed and for maintaining under seal any portion of the post-*Kastigar* hearing briefs and hearing transcripts containing the contents of Defendants' compelled statements or evidence derived therefrom. The protections included in this Order are narrowly tailored to serve Defendants' compelling interests, namely, Defendants' Fifth Amendment right to be free from compulsory self-incrimination and Sixth Amendment right to a fair trial, while allowing public access to the remaining portions of the proceedings, and no less intrusive alternatives would seem to serve those interests. *See United States v. Slough*, 677 F. Supp. 2d 296, 299 (D.C. 2010) (concluding that "so long as a future trial following appellate review remains a possibility, maintaining the *Kastigar* materials under seal and limiting the dissemination of additional tainted material serve the important purpose of preserving the effectiveness of appellate review by ensuring that a fair trial remains possible"); *United States v. Eaves*, 685 F. Supp. 1243, 1244-45 (N.D. Ga. 1988) (noting that "the ability of the defendant to get a fair trial if access [to tapes by the media] is granted is the 'primary ultimate value to be weighed on the non-access side of the balance,'" and finding that "portions of the tapes which are admitted into evidence at trial will be released to the media" only after "the close of the evidence" as the "public's right of access to judicial material is not necessarily a right to instantaneous access"); *United States v. De Diego*, 511

3

2.    The procedures for the *Kastigar* hearing are as follows:

a.  **On or before May 5, 2023**, the Government shall serve on
Defendants and file with the Court a list of the witnesses it
intends to call at the *Kastigar* hearing;

b.  **On or before May 10, 2023**, Defendants shall serve on the
Government and file with the Court a list of the witnesses
they intend to call at the *Kastigar* hearing;

c.  **On or before May 5, 2023**, the parties shall serve on all
opposing parties and file with the Court a list of any exhibits
they intend to present at the *Kastigar* hearing, other than the
exhibits that are already filed on the Court docket;

d.  **On or before May 10, 2023**, the parties shall serve on all
opposing parties and file with the Court any objections to the

---

F.2d 818, 824 (D.C. Cir. 1975) (noting that a *Kastigar* hearing could be "held in
camera to remove the threat of pretrial publicity").   As stated in *Eaves*, "[i]t is
better to err, if err we must, on the side of generosity in the protection of a
defendant's right to a fair trial before an impartial jury."   685 F. Supp. at 1244-45
(also noting, however, that the jury was already selected in that case and defendant
was "not arguing that media dissemination of the tapes themselves would inhibit
his ability to choose an impartial jury"; instead, he argued that dissemination of the
tapes "could unfairly galvanize hostility towards him").

    Further, Defendant correctly points out that protection of the grand jury
record alone warrants at least a partial closure of the *Kastigar* hearing (Doc. 203 at
3 n.1).   *See Slough*, 677 F. Supp. 2d at 297 (noting that "the *Kastigar* hearing
would likely involve a detailed examination of grand jury proceedings, which are
generally kept secret"); *In re Fula*, 672 F.2d 279, 283 (2d Cir. 1982) (finding that it
was proper to exclude the public from a civil contempt proceeding "only to the
extent necessary to protect the secrecy of the grand jury process").

exhibits proposed to be presented at the *Kastigar* hearing; any exhibits not objected to will be deemed admitted at the *Kastigar* hearing;

e. The prosecution team should not confer with witnesses about Defendants' compelled testimony or anything learned from such testimony in advance of the *Kastigar* hearing;

f. At the beginning of any interview or preparation session, the prosecution team shall instruct witnesses not to disclose the contents of Defendants' *Garrity* statements or anything learned from those statements;

g. The prosecutor assigned to the trial of this case shall not be present for the cross-examination of the Government's witnesses or the examination of Defendants' witnesses regarding their exposure to Defendants' compelled statements;

h. The courtroom will be closed to the public for those portions of the *Kastigar* hearing during which Defendants' compelled statements may be discussed, including Defendants' examination or cross-examination of any witness who may have been exposed to Defendants' compelled statements, and any other portion of the *Kastigar* hearing that the parties provide notice to the Court that the contents of Defendants'

compelled statements or evidence derived therefrom may be
discussed;

i.   The post-hearing transcripts and briefs filed on the public
     docket shall be redacted to exclude discussions of Defendants'
     compelled statements, but unredacted versions of these
     documents shall be filed with the Court under seal and *ex
     parte*.

**DONE AND ORDERED** at Jacksonville, Florida, on May 1, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record