UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                  Case No. 3:22-cr-23-BJD-MCR

AARON ZAHN and
RYAN WANNEMACHER.
_____/

DEFENDANTS' OBJECTIONS TO ORDER
DENYING MOTION TO COMPEL COMPLIANCE
WITH FEDERAL RULE OF CRIMINAL PROCEDURE 16
OR FOR PARTICULARIZED DISCOVERY ORDER

Defendants Ryan Wannemacher and Aaron Zahn, pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Criminal Procedure 59(a), respectfully object to the Magistrate Judge's order denying the Defendants' Motion to Compel Compliance with Federal Rule of Criminal Procedure 16 or for Particularized Discovery Order. Doc. 318. Where, as here, a party objects to a ruling on "any matter that does not dispose of a charge or defense[,] … [t]he [D]istrict [J]udge must consider [those] objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a).[1] As explained below, the Magistrate Judge's order should be set aside because it is contrary to law.

---

[1] Rule 59(a) also states that a party must file an objection to a nondispositive order entered by a magistrate judge to not waive the right to review of the order on appeal.

1

Background

As suggested by the title of the Defendants' motion, this is a dispute over the government's compliance with its Rule 16 discovery obligations. Doc. 304. The government has produced a staggering amount of discovery since the Defendants' indictment in March 2022—hundreds of thousands of native files, multiple terabytes of digital data, and dozens of forensic images. The Defendants' motion explained— and the Court has heard before—that the physical equivalent of these productions is more than 600 million pages of printed text. *See Schwarz v. United States*, 828 F. App'x 628, 634 n.3 (11th Cir. 2020) (citing *McNulty v. Reddy Ice Holdings, Inc.*, 271 F.R.D. 569, 570 n.1 (E.D. Mich. 2011)). That is greater than 3,000 copies of Encyclopedia Britannica or 30 percent of the printed collection of the Library of Congress. *Id.* (citing *United States v. Sayler*, Cr. No. S-10-0061-LKK, 2011 WL 1466887, at *1 n.2 (E.D. Cal. Apr. 18, 2011, *report and recommendation adopted*, 2011 WL 1811211, at *1 (E.D. Cal. May 12, 2011)). The government's productions would fill the tallest academic library in the world (and then some). *See United States v. Ganias*, 824 F.3d 199, 218 (2d Cir. 2016).[2]

Faced with these voluminous productions, the Defendants realized they needed to employ numerous search and review methods to discern those items the government

---

[2] The National Library of Indonesia claims to be the tallest library in the world. It is 415 feet tall and has 27 floors of collections and library offices. https://www.guinnessworldrecords.com/world-records/82407-tallest-library-building.

intends to use in its case-in-chief. Not only did they do that, but in September 2022—after much discussion between the parties about Rule 16—the Defendants thought they had an understanding with the government that it would identify by January 1, 2023, those items it had a "present intent" to rely on during its case-in-chief and for a discrete supplemental production should any items be added after January 1. The Defendants believed that such a disclosure schedule fulfilled the government's obligations under Rule 16(a)(1)(E)(ii), which requires the government to "permit" a defendant "to inspect and to copy or photograph" items "within the government's possession, custody, or control" that "the government intends to use … in its case-in-chief at trial[.]" Fed. R. Crim. P. 16(a)(1)(E)(ii).

    The government, nevertheless, failed to follow through on that promise when the Court announced its intent to set this case for a *Kastigar* hearing and a continuance of the May 2023 trial became imminent. At first, delaying the government's disclosure agreed-upon disclosure deadline made some sense in light of the Defendants' position that should the government ever get to trial in this case, its evidence would be limited to what it presented at the *Kastigar* hearing as free from any taint by the Defendants' constitutionally protected *Garrity* statements. *See* Doc. 69 at 2 n.1 (quoting *United States v. Schwartz*, 541 F.3d 1331, 1356 (11th Cir. 2008)) (describing a *Kastigar* hearing as one "to determine if the Government has introduced testimony before the grand jury, or plans to introduce testimony at trial, that violates the defendant's immunity and Fifth Amendment privilege against self-incrimination.").

3

But after the *Kastigar* hearing concluded in May, the government refused to identify in advance of trial what items from its voluminous productions that it intends to use in its case-in-chief other than the grand jury exhibits it shared with the Defendants. The government repeatedly recast the Defendants' request for compliance with Rule 16 as one for a premature "exhibit list." It offered to share with the Defendants "general tranches of documents" or "evidence" that it "may mark for trial," but it refused to "bind[]" itself to any "specific list four months before a trial."[3]

So the Defendants filed a motion to compel that requested the Court to order the government to identify from the voluminous productions it has made in this case the items that it intends to use in its case-in-chief. Doc. 304. That motion explained that where, as here, the government turns over voluminous discovery, compliance with Rule 16 requires more than merely "identify[ing] a large number of documents that it may or may not seek to introduce at trial." *United States v. O'Keefe*, No. 06-0249 (PLF), 2007 WL 1239207, at *2 (D.D.C. Apr. 27, 2007). It must say which of the items produced that it intends to use in its case-in-chief. *See United States v. Crowder*, 325 F. Supp. 3d 131, 135-136 (D.D.C. 2018) (government cannot provide "some amount of relevant discovery … then 'stat[e] that the documents upon which [it] intends to rely are found somewhere therein'" (quoting *United States v. Anderson*, 416 F. Supp. 2d 110, 115 (D.D.C. 2006))); *United States v. Rickets*, No. 15-153,

---

[3] To the extent this section references or quotes from communications between undersigned counsel and the government—most of which occurred by email—the Defendants' motion offered for the total compilation of those emails to be made available to the Court upon request. Doc. 304 at 5-6 n.4.

4

2015 WL 9478136, at *3 (E.D. La. Dec. 29, 2015) (government must "identify specifically which items it intends to use in its case-in-chief at trial" under Rule 16); *United States v. Upton*, 856 F. Supp. 727, 746-48 (E.D.N.Y. 1994) ("language and policy concerns of Rule 16" require government to identify inculpatory items it plans to rely on at trial and documents its witnesses will refer to or rely on).

The motion asked alternatively for the Court to exercise its well-founded discretion under Rule 16 to enter a discovery order that requires the government to immediately disclose what items from its productions that it intends to use at trial. *See* Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."); *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (Rule 16 is interpreted to "fit comfortably within" court's "more general inherent authority to manage its docket").

The motion explained that good cause for a particularized discovery order exists for three reasons: (1) the government's discovery productions are extraordinary in size, and they cannot be reasonably limited, by either the Defendants' estimated guesswork or, as discussed further below, any form of technology-assisted review, based on the government's broad allegations in the Indictment; (2) the Defendants' counsel had already made significant efforts to manage and review the government's discovery productions as efficiently as possible but the sheer volume left counsel navigating that daunting endeavor mostly blind; and (3) a particularized discovery order would not prejudice the government because it does not comment on whether the government

5

has acted in good faith nor does it reveal any trial strategy or privileged material. Doc. 304 at 11-13.

The government's response to the Defendants' motion did not deny that it had agreed to identify for the Defendants well in advance of trial the items it intended to use in its case-in-chief. Nor could it because that agreement was memorialized over and over again—in the parties' emails, during the November 14, 2022, status conference, Doc. 300 at 12-13, and then again at the January 10, 2023, status conference, Doc. 160 at 36-37.

Instead, the government characterized the Defendants' motion as one seeking a premature exhibit list. Doc. 309 at 1. It also asserted—as it had done before—that an "overwhelming majority of trial exhibits" were part of the grand jury record or in the government's Amended Exhibit List from the *Kastigar* hearing. *Id.* at 2. The government's response relied on an Eleventh Circuit decision, *United States v. Jordan*, 316 F.3d 1215, 1253 (11th Cir. 2003), that does not address the issue raised here over the government's obligations to identify its case-in-chief evidence. It also cited a handful of out-of-circuit and district court decisions. Doc. 309 at 5-6.

As mentioned, the Magistrate Judge entered an order on November 27, 2023, that denied the Defendants' motion to compel. Doc. 318. The order correctly restated the factual history and the parties' respective arguments. *Id.* at 1-8. As for the order's reasoning, it relied on the several district court decisions cited by the government to deny relief and stated in a footnote that the cases cited by the Defendants in their motion "are neither binding nor persuasive." *Id.* at 8-10. Based on these cases, the

6

Magistrate Judge was persuaded that the government "satisfied its obligations under Rule 16" by providing the Defendants more information than what Rule 16 required and giving them "a sufficient roadmap of what is arguably most relevant to its case." *Id.* at 10.

The Magistrate Judge's order included two additional rulings. First, it concluded that it would be "premature and prejudicial for the government to produce its final trial exhibit list" because it had not finished creating its summary exhibits but, nevertheless, directed the parties to mutually exchange exhibit lists on January 19, 2024, and for the government to produce its summary exhibits "as soon as they are competed." *Id.* at 10-12. Second, it ruled that there was not good cause to enter a particularized discovery order because there was no evidence the government had attempted to obfuscate relevant documents in its voluminous productions. *Id.* at 12.

## Objections

The Magistrate Judge's order was contrary to law because Rule 16(a)(1)(E) requires the government to identify for the Defendants the items it intends to use in its case-in-chief. The order did not grapple with—let alone distinguish—the decisions cited above that interpret Rule 16(a)(1)(E)(ii) in the Defendants' favor. *See Crowder*, 325 F. Supp. 3d at 135-36; *Rickets*, 2015 WL 9478136, at *3; *O'Keefe*, 2007 WL 1239207, at *2; *Upton*, 856 F. Supp. at 746-48.

It was error for the Magistrate Judge to dismiss the above-cited decisions and follow the government's non-binding cases. None of the cases cited by the government

7

and the Magistrate Judge considered the logical reasoning underlying an interpretation of Rule 16 that requires the government to identify the evidence it intends to use in its case-in-chief from voluminous discovery. That is, put simply, the Defendants cannot inspect, copy, or photograph items they do not know exist because they were produced in large swaths of data. *Cf.* Fed. R. Crim. P. 2 ("These rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay.").

This reading is underscored by the long-standing principle that the Rules of Criminal Procedure "must be applied flexibly" for the reasons stated in Rule 2, not least of which is fundamental fairness. *United States v. DiBernardo*, 880 F.2d 1216, 1225 n.4 (11th Cir. 1989). Rule 16 fails to ensure fairness when, as here, the government can produce a large number of documents to a defendant and not identify which of those documents it intends to use against him in meeting its heavy burden at trial.

Also, these decisions rest on the incorrect premise that requiring the government to identify the items in discovery it intends to use in its case-in-chief would reveal its trial strategy or, as one court put it, "to tip its hand prematurely[.]" *United States v. Scrushy*, No. CR-03-BE-530-S, 2004 WL 483264, at *3 (N.D. Ala. Mar. 3, 2004). There is no such prejudice. *See United States v. Montague*, No. 14-CR-6136-FPG-JWF, 2017 WL 3667643, at *3 (W.D.N.Y. Aug. 25, 2017) (rejecting government's argument that discovery order required it to reveal trial strategy). The Defendants have not asked the Court to compel production of a premature exhibit list, and the government's

8

repeated assertion that they have is a false equivalency. All the government had to do under Rule 16 was what it agreed to do over a year ago—identify items from its massive productions that it had a present intent to use in its case-in-chief. It did not do that.

As to the court's poker analogy in *Scrushy*, the anticipated trial in this case is not a game in which the Defendants ask the government to show its cards before they go all in. *Morris v. Slappy*, 461 U.S. 1, 14 (1983) ("A criminal trial is not a 'game[.]'"); *Williams v. Florida*, 399 U.S. 78, 82 (1970) ("The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played."). The Defendants merely ask for what the Rules of Criminal Procedure already guarantee: a level playing field.

At bottom, Rule 16(a)(1)(E) should be read to ensure that the Defendants are not required to proceed through discovery and to prepare for trial in this case without the government identifying what items it intends to use in its case-in-chief from among multiple terabytes of discovery. The Magistrate Judge's contrary interpretation should be set aside.

## Conclusion

For these reasons, the Defendants respectfully object to the Magistrate Judge's order as contrary to law and request that the Court grant their Motion to Compel Compliance with Federal Rule of Criminal Procedure 16 or for Particularized Discovery Order.

Respectfully submitted,

/s/ *James E. Felman*
James E. Felman
   Florida Bar No. 0775568
Katherine Earle Yanes
   Florida Bar No. 0159727
Brandon K. Breslow
   Florida Bar No. 0123755
KYNES, MARKMAN
& FELMAN, P.A.
Post Office Box 3396
Tampa, FL 33601
(813) 229-1118
(813) 221-6750
bbreslow@kmf-law.om
jfelman@kmf-law.com
kyanes@kmf-law.com

NIELS P. MURPHY
   Florida Bar No. 0065552
CATHERINE M. LICANDRO
 Florida Bar No. 0041668
MURPHY & ANDERSON, P.A.
1501 San Marco Blvd.
Jacksonville, FL 32207
(904) 598-9282 (phone)
(904) 598-9283 (fax)
nmurphy@murphyandersonlaw.com
clicandro@murphyandersonlaw.com

*Counsel for Defendant Ryan Wannemacher*

/s/ *A. Brian Albritton*
A. Brian Albritton
   Florida Bar No. 0777773
Raquel Ramirez Jefferson
   Florida Bar No. 103758
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 2000
Tampa, FL 33602
Telephone: (813) 472-7557
Facsimile: (813) 472-7570
brian.albritton@phelps.com
ramirezr@phelps.com

Eddie Suarez
   Florida Bar No. 752540
THE SUAREZ LAW FIRM
1011 West Cleveland Street
Tampa, FL 33606
Telephone: (813) 229-0040
Facsimile: (813) 229-0041
esuarez@suarezlawfirm.com

*Counsel for Defendant Aaron Zahn*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 21, 2023, a copy of this document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ *James E. Felman*
James E. Felman