UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


UNITED STATES OF AMERICA

v.                                          Case No. 3:22-cr-23-BJD-MCR

AARON ZAHN
RYAN WANNEMACHER


## UNITED STATES' PROPOSED JURY INSTRUCTIONS

The United States of America, by the undersigned Assistant United States

Attorney, requests that the attached jury instructions be given during the Court's

charge at the end of the trial of the above-captioned case.



Respectfully submitted,

ROGER B. HANDBERG
United States Attorney


By:   /s/ Tysen Duva
      TYSEN DUVA
      Assistant United States Attorney
      Florida Bar No. 603511
      ARNOLD B. CORSMEIER
      Assistant United States Attorney
      Florida Bar No. 869139
      300 N. Hogan Street, Suite 700
      Jacksonville, FL 32202-4270
      Telephone: (904) 301-6300
      E-mail:   tysen.duva@usdoj.gov
                chip.corsmeier@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 12, 2024, I electronically filed the United

States' Proposed Jury Instructions with the Clerk of the Court by using the CM/ECF

system, which will send a notice of electronic filing to the following:

Counsel of Record

/s/ *Arnold B. Corsmeier*
ARNOLD B. CORSMEIER
Assistant United States Attorney

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 1

**COURT'S INSTRUCTIONS
TO THE JURY**

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Inst. B1.

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 2A</u>

**The Duty to Follow Instructions
And the Presumption of Innocence**

Your decision must be based only on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant is not evidence of guilt. The law presumes every defendant is innocent.  A Defendant does not have to prove his innocence or produce any evidence at all.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Inst. B2.1.

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 2B</u>

**The Duty to Follow Instructions and the Presumption Of Innocence
When a Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant is not evidence of guilt. The law presumes every Defendant is innocent. A Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if a Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Inst. B2.2.

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 3</u>

**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it does not have to prove a Defendant's guilt beyond all <u>possible</u> doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Inst. B3.

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4</u>

**Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case.  Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There is no legal difference in the weight you may give to either direct or circumstantial evidence.


Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Inst. B4.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 5

**Credibility of Witnesses**

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Inst. B5.

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6A</u>

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Inst. B6.1.

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6B</u>

**Impeachment of Witnesses Because of Inconsistent Statements**
**(Defendant with no Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify.  But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Inst. B6.3.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7

**Note-taking**

You have been permitted to take notes during the trial.  Most of you –
perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You
must not give your notes priority over your independent recollection of the evidence.
And you must not allow yourself to be unduly influenced by the notes of other
jurors.

I emphasize that notes are not entitled to any greater weight than your
memories or impressions about the testimony.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Inst. S5.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 8

**Introduction to Offense Instructions**

The indictment charges two separate crimes, called "counts."  Each count has a number.  You will be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendants knowingly and willfully conspired to (1) steal money from the City of Jacksonville and the Jacksonville Electric Authority, in violation of 18 U.S.C. § 666(a)(1)(A), and (2) commit wire fraud, in violation of 18 U.S.C. § 1343, all of which is alleged to be a violation of 18 U.S.C. § 371.  Count Two charges that the Defendants knowingly and intentionally committed wire fraud, in violation of 18 U.S.C. § 1343.

But first note that the Defendants are not charged in Count One with committing a substantive offense – they are charged with <u>conspiring</u> to commit that offense.

I will now give you specific instructions on conspiracy.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Inst. B8.

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 9</u>

**General Conspiracy Charge**
**18 U.S.C. § 371**

It is a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes.

Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

A Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     two or more persons in some way agreed to try to accomplish a
        shared and unlawful plan;

(2)     the Defendant knew the unlawful purpose of the plan and
        willfully joined in it;

(3)     during the conspiracy, one of the conspirators knowingly
        engaged in at least one overt act as described in the indictment;
        and

(4)     the overt act was committed at or about the time alleged and
        with the purpose of carrying out or accomplishing some object of
        the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely
innocent when viewed alone, that a conspirator commits to accomplish some object
of the conspiracy.

A person may be a conspirator without knowing all the details of the unlawful
plan or the names and identities of all the other alleged conspirators.

If a Defendant played only a minor part in the plan but had a general
understanding of the unlawful purpose of the plan and willfully joined in the plan on
at least one occasion, that is sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with
certain people and discussing common goals and interests does not establish proof of
a conspiracy.  A person who does not know about a conspiracy but happens to act

in a way that advances some purpose of one does not automatically become a conspirator.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Instr. O13.1.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 10


**Multiple Objects of a Conspiracy**
**18 U.S.C. § 371**

In this case, regarding the alleged conspiracy, the indictment charges that the Defendants conspired to commit a violation of 18 U.S.C. § 666(a)(1)(A) <u>and</u> to commit a violation of 18 U.S.C. § 1343.  In other words, the Defendants are charged with conspiring to commit <u>two</u> separate substantive crimes.

The Government does not have to prove that a Defendant willfully conspired to commit <u>both</u> crimes.  It is sufficient if the Government proves beyond a reasonable doubt that the Defendant willfully conspired to commit <u>one</u> of those crimes.  But to return a verdict of guilty, you must all agree on <u>which</u> of the two crimes the Defendant conspired to commit.


Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Instr. O13.2.

14

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 11</u>

**Elements of Object of Alleged Conspiracy
Theft Concerning Programs Receiving Federal Funds
18 U.S.C. § 666(a)(1)(A)**

The first crime that the Government alleges the Defendants conspired to commit is a violation of 18 U.S.C. § 666(a)(1)(A).  In that regard, I instruct you that it is a Federal crime for anyone who is an agent of a local government or any agency thereof that receives more than $10,000 in federal assistance in any one-year period to embezzle, steal, obtain by fraud, knowingly convert without authority, or intentionally misapply property that is valued at $5,000 or more and that is owned by or under the care, custody, or control of such government or agency.

This crime has the following four elements:

(1)     the Defendant was an agent of the City of Jacksonville or the Jacksonville Electric Authority;

(2)     the City of Jacksonville or the Jacksonville Electric Authority was a local government or an agency thereof that received, in any one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance;

(3)     the Defendant attempted to embezzle, steal, obtain by fraud, knowingly convert to the use of any person other than the rightful owner without authority, or intentionally misapply property that was owned by or under the care, custody, or

15

control of the City of Jacksonville or the Jacksonville

Electric Authority; and

(4)     the property had a value of $5,000 or more.

An "agent" is a person authorized to act on behalf of another person, organization, or a government and, in the case of an organization or government, includes a servant or employee, partner, officer, or director.

A "government agency" is a subdivision of the executive, legislative, judicial, or other branch of government, including a department, independent establishment, commission, administration, authority, board, bureau, and a corporation or other legal entity established and subject to control by a government or governments for the execution of a governmental or intergovernmental program.

"Local" means of or pertaining to a political subdivision within a State.

"State" means a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

"In any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense.  Such period may include time both before and after the commission of the offense.

To "embezzle" means to wrongfully or intentionally take someone else's money or property after lawfully taking possession or control of it.

To "steal" or "convert" means to wrongfully or intentionally take the money or property belonging to someone else with the intent to deprive the owner of its use or benefit permanently or temporarily.

To "obtain by fraud" means to act knowingly and with intent to deceive or cheat, usually for the purpose of causing financial loss to someone else or bringing about a financial gain to oneself or another.

To "intentionally misapply" money or property means to intentionally convert such money or property for one's own use and benefit, or for the use and benefit of another, knowing that one had no right to do so.

The word "value" means the face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

It is not necessary to prove that the Defendant's conduct directly affected the funds received by the government or agency under the Federal program.

In determining whether a Defendant conspired to commit this offense, do not consider bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Instr. O24.1; modified because the Defendants are not charged with a substantive embezzlement offense.

<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 12</u>

**Wire Fraud**
**18 U.S.C. § 1343**

The second crime that the Government alleges the Defendants conspired to commit is a violation of 18 U.S.C. § 1343.  And Count Two alleges a substantive violation of 18 U.S.C. § 1343.  In that regard, I instruct you that it is a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

A Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

(2)    the false pretenses, representations, or promises were about a material fact;

(3)    the Defendant acted with the intent to defraud; and

(4)    the Defendant transmitted or caused to be transmitted by wire, radio, or television some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

18

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It does not matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also does not have to prove that the material transmitted by interstate wire, radio, or television was itself false or fraudulent; or that using the wire, radio, or television was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire, radio, or television. And it does not have to prove that the alleged scheme actually succeeded in defrauding anyone.

19

To "use" interstate wire, radio, or television communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

Each separate use of the interstate wire, radio, or television communications as part of the scheme to defraud is a separate crime.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Instr. O51; first paragraph modified because wire fraud is both an object of the conspiracy alleged in Count One and substantive offense alleged in Count Two.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 13

**Deliberate Ignorance as Proof of Knowledge**

If a Defendant's knowledge of a fact is an essential part of a crime, it is enough that the Defendant was aware of a high probability that the fact existed – unless the Defendant actually believed the fact did not exist.

"Deliberate avoidance of positive knowledge" – which is the equivalent of knowledge – occurs if a Defendant deliberately avoids learning a fact so he can deny knowledge of the fact.

So you may find that a Defendant knew about the fact if you determine beyond a reasonable doubt that the defendant (1) actually knew about the fact, or (2) had every reason to know but deliberately closed his eyes.

But I must emphasize that negligence, carelessness, or foolishness is not enough to prove that the Defendant knew about the fact.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Inst. S8.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 14

### Good-Faith Defense

"Good faith" is a complete defense to a charge that requires intent to defraud. A Defendant is not required to prove good faith.  The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken.  Similarly, evidence of a mistake in judgment, an error in management, or carelessness cannot establish fraudulent intent.

But an honest belief that a business venture would ultimately succeed does not constitute good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Inst. S17.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 15

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016 (rev. Feb. 27, 2020), Inst. B8.1.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 16

**On or About; Knowingly; Willfully – Generally**

You will see that the indictment charges that the crimes were committed "on or about" a certain date.  The Government does not have to prove that a crime occurred on an exact date.  The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was done voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.  While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Inst. B9.1A.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 17

**Caution: Punishment**
**(Multiple Defendants, Multiple Counts)**

Each count of the indictment charges a separate crime against the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for the other crime or the other Defendant.

I caution you that each Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You are here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Inst. B10.4.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 18

**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree.  Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Inst. B11.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 19

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.  When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.  The marshal will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom.  But I caution you not to tell me how many jurors have voted one way or the other at that time.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2016, Inst. B12.