UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.     Case No. 3:22-cr-00023-BJD-MCR

**AARON ZAHN and
RYAN WANNEMACHER**

    **Defendants.**
_____/

### DEFENDANT AARON ZAHN'S UNOPPOSED MOTION FOR LEAVE TO FILE A 30-PAGE SENTENCING MEMORANDUM

Defendant Aaron Zahn seeks to file a 30-page sentencing memorandum, and in advance of filing, moves the Court for leave to exceed any applicable page limit under Local Rule 3.01(a).

Local Rule 3.01(a) does not clearly set out a page limit for a sentencing memorandum. In any event, Mr. Zahn requests leave to file a sentencing memorandum of 30 pages. Mr. Zahn requires 30 pages to address the complex factors that this Court should consider at sentencing. *See United States v. Gupta*, 904 F. Supp. 2d 349, 350 (S.D.N.Y. 2012) ("Imposing a sentence on a fellow human being is a formidable responsibility. It requires a court to consider, with great care and sensitivity, a large complex of facts and factors."). In particular, Mr. Zahn will first describe his background, including his personal history, early life and education, adolescence and formative years, higher education, professional development and

career path, impact on the community, extensive community engagement, and family life and parental responsibilities. This information is important for the Court to consider. *See United States v. Adelson*, 441 F. Supp. 2d 506, 513-514 (S.D.N.Y. 2006) ("[S]urely, if ever a man is to receive credit for the good he has done, and his immediate misconduct assessed in the context of his overall life hitherto, it should be at the moment of his sentencing, when his very future hangs in the balance."); *Gupta*, 904 F. Supp. 2d at 354 ("[F]or on this day of judgment, must not one judge the man as a whole?"). Following this, Mr. Zahn will argue why the Presentence Investigation Report's Guidelines recommendation is erroneous, addressing Mr. Zahn's objections made to the probation office. Mr. Zahn will then proceed to discuss why the 18 U.S.C. 3553(a) factors support substantial leniency. As part of the analysis, Mr. Zahn will describe, among other considerations, why adequate deterrence has already been achieved and why unwarranted sentencing disparities can only be avoided by sentencing Mr. Zahn below the Guidelines.

To capture the essence of the circumstances that the Court should consider while deciding Mr. Zahn's sentence, Mr. Zahn requires 30 pages to concisely state his arguments. Accordingly, Mr. Zahn respectfully requests leave to file the 30-page sentencing memorandum.

## CERTIFICATE OF CONFERRAL

The undersigned counsel conferred with Assistant U.S. Attorney A. Tysen Duva, counsel for the United States, and Mr. Duva does not oppose the relief sought in this motion.

- 3 -

Respectfully submitted,

   */s/   Raquel R. Jefferson*
A. Brian Albritton
  Florida Bar No. 0777773
Raquel R. Jefferson
  Florida Bar No. 103758
Mitchell L. McBride
  Florida Bar No. 1025234
**PHELPS DUNBAR LLP**
100 South Ashley Drive, Suite 2000
Tampa, FL 33602-5311
Phone: 813-472-7557;
Fax: 813-472-7570
brian.albritton@phelps.com
raquel.jefferson@phelps.com
mitchell.mcbride@phelps.com

Eduardo A. Suarez
  Florida Bar No. 752540
Diego M. Pestana
  Florida Bar No. 1004436
**THE SUAREZ LAW FIRM**
1011 W Cleveland St.
Tampa, Florida 33606-1913
Phone: (813) 229-0040
esuarez@suarezlawfirm.com

**COUNSEL FOR DEFENDANT AARON ZAHN**

## CERTIFICATE OF SERVICE

    We hereby certify that on July 23, 2024, we electronically filed the foregoing using the Court's CM/ECF system, thereby serving all registered users in this case.

                                  */s/ Raquel R. Jefferson*
                                  Raquel R. Jefferson