# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                            CASE NO. 3:22-cr-23-BJD-MCR

AARON ZAHN

_____/

## ORDER

**THIS CAUSE** is before the Defendant Aaron Zahn's Motion for Release

Pending Appeal (Doc. 561) and the Government's Response in Opposition

(Doc. 562). Defendant is currently scheduled to report to the Bureau of

Prisons to start his term of imprisonment on January 27, 2025 following his

conviction for conspiring to steal municipal funds, embezzle, and commit wire

fraud (Count I) and committing wire fraud (Count II).[1]

The Bail Reform Act of 1984 codified at Title 18 United States Code

Section 3143 provides the analytical framework within which the Court must

work in resolving Defendant's Motion for Release. United States v. Giancola,

754 F.2d 898, 899 (11th Cir. 1985). The Court "shall order that a person who

has been found guilty of an offense and sentenced to a term of imprisonment,

---

[1] There were three ways the jury could find Zahn guilty as to Count I: (1) conspiring to commit wire fraud; (2) conspiring to embezzle and to steal municipal property; and (3) conspiring to do both of the first two options. (Doc. 488). The jury found that Zahn conspired to embezzle and steal municipal property.

and who has filed an appeal or a petition for a writ of certiorari, be detained .

. . ." 18 U.S.C. § 3143(b). The exception to this rule is when the Court finds:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) that the appeal is not for purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

Giancola, 754 F.2d at 901.[2] "[T]he burden of establishing these factors is on the convicted defendant." Id.

In the Motion, Defendant claims he is not likely to flee or pose a danger to the safety of the community. The Court assumes this is the case for purposes of the Motion. However, the Court is not convinced that Defendant is likely to succeed on appeal. Defendant relies on arguments the Court has previously considered in denying his motions to dismiss, for acquittal, and for

---

[2] It is well established that the Court must find that the defendant is not likely to flee or pose a danger by clear and convincing evidence. However, there is some confusion as to the burden of proof regarding the remaining factors. Compare United States v. King, No. 306-CR-212-J-33MCR, 2009 WL 1767622, at *3 (M.D. Fla. June 22, 2009) (requiring that all four factors be proven by clear and convincing evidence) with United States v. Streinz, No. 8:10-CR-550-T-17MAP, 2015 WL 4139120, at *1 (M.D. Fla. July 8, 2015) (allowing factors two, three, and four to be proven by a preponderance of the evidence). The Court does not resolve which standard is appropriate because the Court reaches the same result under either standard.

new trial. To qualify for release pending appeal, Defendant must demonstrate that at least one of his grounds of appeal raises a "substantial question." See Giancola, 754 F.2d at 901. A substantial question is more than what is required to overcome frivolity; it is "a 'close' question or one that very well could be decided the other way." Id.

The Court stands by its previous ruling regarding the evidence and finds that the Motion has failed to create a substantial question of law or fact that the Court's evidentiary or legal rulings were erroneous or prevented Defendant from receiving a full and fair trial that would result in a new trial, reversal, or a sentence that does not include prison. The Court's position is buttressed by U.S. v. Brown, Case No. 3:16-cr-93 Doc. 258 (Fla. M.D. 2017) (stating that even in non-violent white collar criminal cases it is not customary for an offender to remain free pending appeal).

Accordingly

1. Aaron Zahn's Motion for Release Pending Appeal (Doc. 561) is **DENIED**.

2. Defendant still shall surrender for service of his sentence at an institution designated by the Bureau of Prisons on January 27, 2025, or on a later date as determined by the Bureau of Prisons and as notified by the United States Marshal.

**DONE** and **ORDERED** in Jacksonville, Florida this __7th__ day of

November, 2024.

_____
BRIAN J. DAVIS
United States District Judge

Copies furnished to:

Counsel of Record